UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SHAWN C. MANN,

    Plaintiff,

    v.                                      Civil No. 09-500-HA

                                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

HAGGERTY, District Judge:

    Plaintiff Shawn C. Mann seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

1 - OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c)).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3 - OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

**FACTS**

4 - OPINION AND ORDER

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here. Plaintiff was thirty-three years old at the alleged disability onset date and forty-seven years old at the time of the ALJ's hearing. Plaintiff has a high school education and has studied two years at a community college. He has past relevant work experience as a semi-truck driver.

Plaintiff protectively filed his application for benefits on September 28, 2004, alleging disability beginning July 1, 1993. Plaintiff alleges disability stemming from physical and mental impairments including: back pain, degenerative disk disease, neuropathy, heart arrhythmia, high blood pressure, arthritis, dizziness, bladder incontinence, Chronic Obstructive Pulmonary Disease, seizures, blurred vision, knee ligament damage, bursitis of the right shoulder, short and longterm memory problems, depression, and anxiety. Plaintiff's application was denied initially and on reconsideration. The ALJ conducted a hearing on March 19, 2008 at which he heard testimony from plaintiff, who was represented by counsel; and a vocational expert.

On July 10, 2008, the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 18, Finding 2.[1]

At step two, the ALJ found that plaintiff has the following medically determinable severe

---

[1] Tr. refers to the Transcript of the Administrative Record.

impairment: degenerative disk disease. Tr. 18, Finding 3.

At step three, the ALJ found that plaintiff does not have an impairment, or combination of impairments, that meets or equals the requirements of any listed impairment. Tr. 25, Finding 4.

The ALJ determined the plaintiff's RFC as follows:

> By his own testimony, he can walk four blocks; stand up to thirty minutes at a time and sit up to one hour at a time. We grant his a sit-stand option allowing him to change between positions in hourly increments. He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can climb six steps at a time, however he does not need an ambulative assistance device. He has mild impairments in his arms bilaterally, but he can do occasional keyboarding, based on his reports of selling and trading on EBay. He can write short paragraphs. His hearing is mildly impaired in crowds. His short term memory, despite being a poker player, is allegedly impaired requiring occasional reinforcement for recall. Otherwise, his memory for all other things is unimpaired. We specifically find his ability to recite many problems simultaneously is indicative of good memory overall, and his intermittent memory difficulties are likely secondary to pain.

Tr. 27, Finding 5.

At step four, the ALJ found that plaintiff was incapable of performing his past relevant work. Tr. 28, Finding 6.

At step five, the ALJ, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 28, Finding 10.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) improperly rejecting physicians' opinions, (2) failing to follow the mandatory requirements of SSR 96-8P when determining plaintiff's RFC, (3) improperly basing step 5 findings on a defective hypothetical question, and (4) ignoring documentation about the lack of data for the number of jobs at national and regional levels.

**1.      Physicians' Opinion**

Plaintiff argues that the ALJ improperly rejected the opinions of three treating physicians. Of particular relevance to this court's analysis is the opinion of Dr. Brown, M.D. Doctor Brown was plaintiff's treating physician. On October 26, 2004, Dr. Brown concluded that nerve conduction studies revealed a "significant carpal tunnel problem at the left wrist." Tr. 741. Despite this diagnosis, the ALJ did not reference Dr. Brown's opinion in his decision. Instead, he relied upon the report of Dr. McAllister, M.D. Doctor McAllister conducted an examination without nerve conduction studies and concluded Plaintiff had 5/5 motor strength and no limitations due to carpal tunnel syndrome. Tr. 901. Based on this assessment, the ALJ characterized plaintiff's hand impairment as "mild." Tr. 1098.

Plaintiff contends the ALJ improperly rejected Dr. Brown's opinion. Further, plaintiff argues that the ALJ failed to develop the record. The ALJ did not question Dr. Brown about his findings, or, alternatively, attempt to amplify Dr. Brown's opinion by sending him an RFC form to complete.

The Commissioner contends that the ALJ did not reject Dr. Brown's opinion because Dr. Brown diagnosed plaintiff with significant carpal tunnel syndrome but assessed no limitations. The Commissioner argues that the diagnosis of a condition does not equate to a finding of disability, and that the ALJ adequately addressed the condition by assessing a mild impairment and limiting plaintiff to occasional keyboarding.

The opinion of an examining physician cannot be lightly disregarded. However, such opinions are "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ may reject the

7  - OPINION AND ORDER

contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions). An ALJ must give weight not only to the physician's clinical findings and interpretation of test results, but also to their subjective judgments. *Lester*, 81 F.3d at 832-33 (citation omitted).

This court finds that Dr. Brown's opinion was ambiguous regarding plaintiff's limitations and that the ALJ was required to further develop the record in order to determine whether plaintiff's alleged carpal tunnel syndrome precludes employment. *See* 20 C.F.R. § 404.1512(e) (stating that the Commissioner should contact a treating physician when the evidence provided by the physician is inadequate). "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). This duty exists even when the plaintiff is represented by counsel. *Id.* Here, the ALJ failed both to discuss Dr. Brown's opinion and to adequately develop the record.

When the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is generally credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). The "crediting as true" doctrine may not be mandatory. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("[i]nstead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory"). This court construes the

8 - OPINION AND ORDER

reasoning in *Connett* to permit some exercise of discretion in determining whether to credit a physician's improperly rejected testimony as true.

The opinion proffered by Dr. Brown, plaintiff's treating psychiatrist, is supported by acceptable diagnostic techniques but it conflicts with other substantial evidence. While defendant suggests that a Dr. Brown assessed no limitations or restrictions, he was not asked to complete a residual functional capacity form to address the affect of the carpal tunnel syndrome.

Here, the ALJ should have provided his reasoning for assessing plaintiff's wrist impairment as mild or, if necessary, contacted Dr. Brown in order to clarify his opinion. Doctor Brown did not address the effect of plaintiff's severe wrist impairment on his ability to perform employment tasks. Where a treating doctor's opinion is contradicted by another doctor, "the ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Doctor Brown's opinion conflicted with Dr. McAllister, therefore the ALJ had a duty to develop the record and explain his adoption of Dr. McAllister's findings.

This court has reviewed plaintiff's remaining arguments and finds that the remaining portions of the ALJ's decision are free of legal error and are supported by substantial evidence in the record.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved

before a determination of disability can be made.

Upon remand, the ALJ shall adopt Dr. Brown's opinon or provide specific reasons for adopting Dr. McAllister's opinion and rejecting that of Dr. Brown.  If necessary, the ALJ shall contact Dr. Brown for a specific, detailed opinion regarding the effect of plaintiff's alleged carpal tunnel syndrome upon his ability, if any, to sustain employment.  The ALJ shall reevaluate plaintiff's RFC, if necessary, in light of Dr. Brown's opinion.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Shawn C. Mann's application for DIB and SSI must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this  27    day of July, 2010.

                                                      /s/ Ancer L. Haggerty
                                                        Ancer L. Haggerty
                                                United States District Judge